## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VIGILANT INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION FILE |
| TURNER BROADCASTING | ) | |
| SYSTEM, INC., TURNER STUDIOS, | ) | NO. 1:10-CV-592-RLV |
| INC., HI-TECH FX LLC and | ) | |
| INTERIOR FIRE PROTECTION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

**(1)    State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This case arises from a fire that occurred on or about December 19, 2008, at a movie production facility in the Atlanta area owned by Production Consultants, LLC, d/b/a Production Consultants & Equipment ("PC&E"). The fire occurred in a PC&E sound stage being used by Defendant TBS on December 19, 2008, to film a "SpongeBob" production.  In connection with the production, TBS hired Defendant Hi-Tech to create a pyrotechnic display. TBS filmed the production on December 19, 2008, and left the facility sometime after 5:00 p.m.  TBS and its employees and contractors were the last persons to exit the sound stage on the evening of December 19, 2008.  On Sunday morning, December 21, 2008, a PC&E employee remotely logged into the PC&E video surveillance system and saw smoke inside the facility.  The employee immediately responded and found smoke in the PC&E facility, fire suppression sprinkler heads discharging water over the remains of an extinguished fire in the sound stage vacated by Defendant TBS the previous Friday, and several inches of water throughout a significant portion of the facility. Although the local, mechanical water gong had activated, the electrical

alarm system had not activated, and no alarm signal had been transmitted to PC&E's alarm service. As a consequence, the sprinklers had run for an extended period of time after extinguishing the fire, causing extensive water damage to PC&E's facilities, equipment, and business. The electrical alarm did not activate because the water flow switch on the sprinkler pipe serving the sound stage was inoperable. Because of its inoperable condition, it did not transmit a signal to PC&E's central alarm panel when water flowed through the pipe to the sprinkler heads in the sound stage. Vigilant's investigation determined that the fire was caused when material ejected from the pyrotechnics used by Defendant Hi-Tech became lodged in the sound deadening cellulose insulation covering the walls of the sound stage. The fire smoldered under the cellulose insulation for an undetermined time, but at least for several hours, before breaking into open flame. Once the fire broke into open flame, it was extinguished by the automatic fire protection sprinkler system in the sound stage. The activation of the sprinkler system should have immediately activated the electrical fire alarm system installed on PC&E's premises. Because of the inoperable condition of the water flow switch installed on the sprinkler pipe protecting the sound stage, the electrical alarm did not activate. Defendant Interior failed to detect the inoperable condition of the water flow switch during its last inspection, leaving PC&E unaware that its alarm would not activate as intended when the sprinkler system activated. Because of the lack of an alarm signal, the sprinkler system continued to discharge water for an extended period of time after extinguishing the fire in the sound stage. As a result, PC&E suffered extensive water damage, in addition to the damage caused by fire and smoke, resulting in total damages to Vigilant of $1,871,508.60.

**(2)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

O.C.G.A. §51-1-1; O.C.G.A. §51-1-2; O.C.G.A. §51-1-6; and, O.C.G.A. §51-1-8; O.C.G.A. §13-6-1; O.C.G.A. §13-6-2; O.C.G.A. § 13-6-11; O.C.G.A. §13-6-13; National Fire Protection Association Publication 1126; National Fire Protection Association Publication 25.

**(3)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.   (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(4)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

See Attachment B.

**(5)    Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subject of the information.    (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**(6)    In the space provided below, provide a computation of any category of damages claimed by you.   In addition, include a copy of, or describe by category and location of, the document or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

| Category | Amount |
|---|---|
| Building | $864,352.21 |
| Debris Removal | $214,834.69 |
| Business Income | $500,000.00 |
| Extra Expense | $29,518.93 |
| Personal Property | $262,802.77 |
| Salvage | ($1629.90) |
| Total | $1,869,878.70 |

(7)   **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.   (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

None applicable.

(8)   **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

Vigilant Insurance Company, 15 Mountain View Road, Warren, NJ  07059-6711, (215) 981-8316.

This 21st day of April, 2010.

                                      s/ David M. Bessho

                                      David M. Bessho
                                      Georgia Bar No. 055784
                                      Attorney for Plaintiff

Cozen O'Connor
SunTrust Plaza, Suite 2200
303 Peachtree Street, N.E.
Atlanta, Georgia  30308
Telephone: (404) 572-2000
Facsimile: (404) 572-2199
dbessho@cozen.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VIGILANT INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION FILE |
| TURNER BROADCASTING | ) | |
| SYSTEM, INC., TURNER STUDIOS, | ) | NO. 1:10-CV-592-RLV |
| INC., HI-TECH FX LLC and | ) | |
| INTERIOR FIRE PROTECTION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT A TO PLAINTIFF'S INITIAL DISCLOSURES

The following persons are likely to have discoverable information regarding Plaintiff's claims:

Douglas Smith
Production Consultants and Equipment
2235 DeFoor Hills Road
Atlanta, GA  30318
Subject:  Mr. Smith is the owner of plaintiff's insured, Production Consultants & Equipment, and has knowledge of the fire at issue and facts surrounding the loss.

Loren Smith
Randy Nappier
Mark Wofford
Steve Sonsini
Production Consultants and Equipment
2235 DeFoor Hills Road
Atlanta, GA  30318

Subject:     The referenced individuals are employees of plaintiff's insured, Production Consultants & Equipment, and has knowledge of the fire at issue and facts surrounding the loss.

ATLANTA\176834\1

Adam Pickett
Inspection & Service Manager
Interior Fire Protection, Inc.
3700 Namasco Drive, Ste F
Suwannee, Georgia 30024
(770) 831-7978
Subject:   Mr. Pickett is employed by defendant Interior Fire Protection, the
company that performed inspections of the fire protection system installed in the
building operated by Production Consultants & Equipment and has knowledge in
that regard.

John Stachura
Engle Martin & Associates, Inc.
5180 Roswell Road, Suite N100
Atlanta, GA  30342
(404) 303-7160
Subject:   Mr. Stachura is a property adjuster employed by Engle Martin &
Associates, the company that was assigned to inspect the loss at issue on behalf of
Interior Fire Protection.

Justin Bisig
Servpro
1855 McFarland 400 Drive
Alpharetta, GA  30004
(404) 261-2925
Subject:   Mr. Bisig is an employee of Servpro, the company that provided
restoration services to the building occupied by Production Consultants &
Equipment subsequent to the fire at issue.

Jason McGahee
Ken Brooks
Epic Response
2145 Barrett Park Drive, Suite 108
Kennesaw, GA 30144
(770) 516-3491
Subject:   Mr. McGahee and Mr. Brooks are employees of Epic Response, the
company that provided cleaning and decontamination services to the building
occupied by Production Consultants & Equipment subsequent to the fire at issue.

Dale Young, CPA
Rhodes, Young, Black & Duncan
The Meridian at Sugarloaf
2736 Meadow Church Road, Suite 200
Duluth, GA  30097
Subject:   Mr. Young is employed by Rhodes, Young, Black & Duncan, the accounting firm that assisted in adjusting the business income lost by Production Consultants & Equipment as a result of the fire at issue.

Dan Arnold
Seneca Fire engineering, LLC
1205 Johnson Ferry Road
Suite 136-400
Marietta, GA  30068
Subject:  Mr. Arnold was retained by plaintiff to conduct an inspection of the fire protection system at the building occupied by Production Consultants & Equipment subsequent to the fire at issue.

Mark Rhodes
John Stewart
Arthur Vanderhoogt
Rimkus Consulting Group, Inc.
2030 Powers Ferry Road, Suite 224
Atlanta, Georgia 30339
Subject:  Mr. Rhodes, Mr. Stewart, and Mr. Vanderhoogt were retained by plaintiff to conduct an inspection of the roof and ductwork at the building occupied by Production Consultants & Equipment subsequent to the fire at issue.

W. Tim Blake
Chubb Group of Insurance Companies
1000 Urban Center Drive, Suite 205
Birmingham AL 35242
Subject:  Mr. Blake is a property adjuster employed by plaintiff and performed work in connection with the insurance adjustment as a result of the losses sustained by Production Consultants & Equipment.

Brett Hellenga
Risk Management Dept.
Turner Broadcasting System, Inc.
One CNN Center, 14SE
Atlanta, Georgia 30303
Subject:   Mr. Hellenga is employed as a risk manager by defendant Turner
Broadcasting System, Inc., the company that was responsible for filming the
production, with the use of pyrotechnics, which plaintiff contends caused the fire at
issue.

Rick Lambright
Hi-Tech FX
PMBC 3330
Cobb Pkwy, Ste. 17
Acworth, GA 30101
Subject:  Mr. Lambright is employed by defendant Hi-Tech FX, the company that
used pyrotechnics in Production Consultants & Equipment's studio, which plaintiff
contends caused the fire at issue.

Grady Nappier
Peerless Construction Company, Inc.
245 Bear Creek Trail
Hampton, GA  30228
(404) 538-2897
Subject:  Mr. Nappier is the owner of Peerless Construction Company, Inc., and
was retained by plaintiff's insured to evaluate the damages caused by the fire at
issue.

ATLANTA\176834\1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VIGILANT INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION FILE |
| TURNER BROADCASTING | ) | |
| SYSTEM, INC., TURNER STUDIOS, | ) | NO. 1:10-CV-592-RLV |
| INC., HI-TECH FX LLC and | ) | |
| INTERIOR FIRE PROTECTION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ATTACHMENT B TO PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff may use the following persons at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence:

Dan Arnold
Seneca Fire engineering, LLC
1205 Johnson Ferry Road
Suite 136-400
Marietta, GA  30068
Subject:  Mr. Arnold was retained by plaintiff to conduct an inspection of the fire protection system subsequent to the fire at issue.

Mark Rhodes
John Stewart
Arthur Vanderhoogt
Rimkus Consulting Group, Inc.
2030 Powers Ferry Road, Suite 224
Atlanta, Georgia 30339
Subject:  Mr. Rhodes, Mr. Stewart, and Mr. Vanderhoogt were retained by plaintiff to conduct an inspection of the roof and ductwork at the building occupied by Production Consultants & Equipment subsequent to the fire at issue.

ATLANTA\176834\1

W. Tim Blake
Chubb Group of Insurance Companies
1000 Urban Center Drive, Suite 205
Birmingham AL 35242

Dale Young, CPA
Rhodes, Young, Black & Duncan
The Meridian at Sugarloaf
2736 Meadow Church Road, Suite 200
Duluth, GA  30097
Subject:   Mr. Young is employed by Rhodes, Young, Black & Duncan, an
accounting firm that assisted in adjusting the business income lost by Production
Consultants & Equipment as a result of the fire at issue.

Byron Walden, CPA
Fishkind & Associates
12051 Corporate Boulevard
Orlando, Florida  32817
Subject:  Mr. Walden is employed by Fishkind & Associates, an accounting firm
that assisted in adjusting the business income lost by Production Consultants &
Equipment as a result of the fire at issue.

Karen Neri
Bob Magaudda
Hyperion Claim Specialists, LLC
550 South Hope Street, Suite 1625
Los Angelos, CA  90071-2650
Subject:   Ms. Neri and Mr. Magaudda are employed by Hyperion Claim
Specialists, LLC, an accounting firm that assisted in adjusting the business income
lost by Production Consultants & Equipment as a result of the fire at issue.

Jason McGahee
Ken Brooks
Epic Response
2145 Barrett Park Drive, Suite 108
Kennesaw, GA 30144
(770) 516-3491

Subject:   Mr. McGahee and Mr. Brooks are employees of Epic Response, the company that provided cleaning and decontamination services to the building occupied by Production Consultants & Equipment subsequent to the fire at issue.

Expert reports will be produced in accordance with this Court's Local Rules, if applicable.

ATLANTA\176834\1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| VIGILANT INSURANCE COMPANY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION FILE |
| TURNER BROADCASTING ) | |
| SYSTEM, INC., TURNER STUDIOS, ) | NO. 1:10-CV-592-RLV |
| INC., HI-TECH FX LLC and ) | |
| INTERIOR FIRE PROTECTION, INC., ) | |
| ) | |
|     Defendants. ) | |

## ATTACHMENT C TO PLAINTIFF'S INITIAL DISCLOSURES

In support of its contentions and damages claimed herein, plaintiff will make its claim file available to defendants for inspection and copying, subject to redaction for work product and attorney client privileged materials.

ATLANTA\176834\1

—

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VIGILANT INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION FILE |
| TURNER BROADCASTING | ) | |
| SYSTEM, INC., TURNER STUDIOS, | ) | NO. 1:10-CV-592-RLV |
| INC., HI-TECH FX LLC and | ) | |
| INTERIOR FIRE PROTECTION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served a copy of the foregoing **Plaintiff's Initial Disclosures** upon counsel, via this Court's electronic filing system, as follows:

Howard M. Lessinger
McLain & Merritt
3445 Peachtree Road, N.E., Suite 500
Atlanta , GA 30326

Wade K. Copeland
Lee P. Gutschenritter
Carlock Copeland Semler & Stair
285 Peachtree Center Avenue, N.E.
Atlanta , GA 30343-0887

Daniel S. Reinhardt
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street
Atlanta GA 30308

Turner Studios, Inc.
c/o CT Corporation System
12011 Peachtree Street, NE
Atlanta, GA  30361
(via U.S. Mail)

This 21st day of April, 2010.

s/ David. M. Bessho
David M. Bessho

ATLANTA\176834\1